IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NORTH CHINA SHIPPING LIMITED, | : | Civil Action |
| a foreign corporation | : | |
| Plaintiff. | : | |
| v. | : | |
| GLORY WEALTH SHIPPING PTE. LTD. | : | |
| a foreign corporation | : | |
| Defendant. | : | |

**VERIFIED COMPLAINT**

Plaintiff North China Shipping Limited ("Plaintiff" or "North China"), a foreign corporation, by and through its undersigned attorneys, files this Complaint against Defendant Glory Wealth Shipping Pte. Ltd. ("Defendant" or "Glory Wealth") and alleges, upon information and belief, as follows:

**JURISTICTION AND VENUE**

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves claims for breach of maritime contracts of charter party. This case thus falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. The case also falls under the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. § *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq*.

2. Plaintiff brings this action pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Assset Forfeiture Actions ("Rule B"), seeking an order and writ of attachment for, *inter alia*, one garnishee bank in this Honorable District wherein monies of Defendant are presently located, specifically $3,303,815.61 in a maritime holdover account located at HSBC Bank U.S.A., N.A., in New Castle, Delaware, in which funds Defendant has an attachable property interest by virtue of a May 21, 2010, order of the U.S. District Court for the Southern District of New York in Civil Action No. 10-cv-1384(BSJ). A copy of the order is attached hereto as Exhibit A. On June 10, 2010, the same New York Federal Court ordered that the garnishee, HSBC Bank USA, release the funds pursuant to a settlement agreement entered into by Defendant and two other parties. A copy of the order is attached hereto as Exhibit B.

3. This proceeding is brought solely in an effort to obtain payment from two arbitration awards rendered in London, England.

**THE PARTIES**

4. At all times relevant hereto, North China was and still is a foreign business entity duly organized and existing under the laws of the Bahamas with an office and place of business at c/o North China Shipping Holdings Co. Ltd., Rm.3503-3510, 35/F., West Tower, Shun Tak Centre, 168-200 Connaught Road Central, Sheung Wan, Hong Kong.

5. At all times relevant hereto, Glory Wealth was and still is a foreign business entity organized and existing under the laws of Singapore with an office and place of business at 9 Temasek Boulevard 07-00, Suntec City Towers 2, Singapore 038989.

6. At all times relevant North China was the disponent owner of the M/V NORTH PRINCE and the M/V NAVIOS MERCATOR.

**M/V NORTH PRINCE**

7. By a charter party dated August 8, 2007, Plaintiff let and Defendant hired the M/V NORTH PRINCE for a period from the date of delivery to a minimum June 27, 2009/maximum August 27 2009. A copy of the charter party is attached hereto as Exhibit C.

8. Disputes arose between the parties and claims were submitted to arbitration in London, England in accordance with the provisions of the charter party.

9. On June 11, 2009, the London arbitrators issued an award in favor of North China in the amount of $1,736,484.08 with interest thereon at the rate of 4% per annum compounded quarterly. The arbitrators also found that Glory Wealth should bear the fees of the panel in the amount of £11,295 with interest thereon at the rate of 4% per annum compounded quarterly. A copy of the award is attached hereto as Exhibit D.

10. On July 8, 2009, the London arbitrators issued a second award in favor of North China in the amount of $5,468,477.00 with interest thereon at the rate of 3% per annum compounded quarterly. The arbitrators also found that Glory Wealth should bear the fees of the panel in the amount of £11,650 with interest thereon at the rate of 4% per annum compounded quarterly. A copy of the award is attached hereto as Exhibit E.

11. Despite due demand, Glory Wealth has failed to pay the outstanding awards in the total amount of $7,204961.08 or the arbitrators' fees in the amount of £22,945.00 which plaintiff paid.

## M/V NAVIOS MERCATOR

12. By a charter party dated August 1, 2007, Plaintiff let and Defendant hired the M/V NAVIOS MERCATOR for a period from the date of delivery to a minimum January 12, 2009/maximum February 12, 2009. A copy of the charter party is attached hereto as Exhibit F.

13. Disputes arose between the parties and claims were submitted to arbitration in London, England in accordance with the provisions of the charter party.

14. On July 16, 2009, the London arbitrators issued an award in favor of North China in the amount of $1,891,902.60 with interest thereon at the rate of 3% per annum compounded quarterly. The arbitrators also found that Glory Wealth should bear the fees of the panel in the amount of £9,030 with interest thereon at the rate of 4% per annum compounded quarterly. A copy of the award is attached hereto as Exhibit G.

15. On April 20, 2010, the High Court of Justice Queen's Bench Division Commercial Court issued a an Order modifying the award in favor of North China in the amount of $1,255,828.81 with interest thereon at the rate of 3% per annum compounded quarterly. A copy of the order is attached hereto as Exhibit H.

16. Despite due demand, Glory Wealth has failed to pay the outstanding award in the total amount of $1,255,828.81 or the arbitrators' fees in the amount of £9,030 which plaintiff paid.

## SUMMARY OF CLAIM AMOUNTS

17.     Based on the foregoing, North China's claims for damages against Glory Wealth in relation to the three arbitration awards plus interest until September 16, 2010 and costs described herein consist of the following:

| | |
|---|---:|
| M/V NORTH PRINCE 1st AWARD | $1,736,484.08 |
| ARBITRATORS' FEES | $18,688.86 |
| PLUS INTERST | $135,582.80 |
| | |
| M/V NORTH PRINCE 2nd AWARD | $5,468,477.00 |
| ARBITRATORS' FEES | $18,667.61 |
| PLUS INTERST | $284,317.90 |
| | |
| M/V NAVIOS MERCATOR AWARD | $1,255,828.81 |
| ARBITRATORS' FEES | $14,824.19 |
| PLUS INTERST | $65,792.17 |
| TOTAL: | $8,998,663.42 |

## APPLICATION FOR ISSUANCE OF A RULE B ATTACHMENT

18.     As previously stated, North China seeks to attach Glory Wealth's property interest in funds located in a specific bank account at HSBC Bank USA, N.A. in this District. Specifically, in connection with *Glory Wealth v. Worldlink* filed in the U.S. District Court for the Southern District of New York, Civil Action No. 10-cv-1384(BSJ), Glory Wealth has obtained an attachable property interest in $3,303,815.61 held by HSBC Bank in what is known as a "maritime holdover" account physically located in New Castle, Delaware.

19.     Glory Wealth is not found within the District of Delaware for Rule B purposes, but does now have funds within the jurisdiction in said account at HSBC Bank USA, N.A.

20. Plaintiff seeks issuance of an order from the Court directing the Clerk of the Court to issue a process of maritime attachment and garnishment pursuant to Rule B and also pursuant to the Federal Arbitration Act, attaching the assets of Defendant located in the specific account at HSBC Bank USA, N.A., for the purpose of obtaining *quasi in rem* jurisdiction over Defendant and to secure Plaintiff's claims as described herein.

WHEREFORE, Plaintiff prays:

a. That a summons with process of attachment and garnishment may issue against Defendant, Glory Wealth Shipping Pte. Ltd., in the amount of $8,998,663.42 (inclusive of interest and cost), and since Glory Wealth cannot be found, that its assets, debts, effects, monies, funds, credits, tangible and intangible property ineterst within the District at HSBC Bank USA, N.A. may be attached in an amount sufficient to answer North China's claims;

b. That Defendant and any other person claiming an interest therein may be cited to appear and answer the matters aforesaid;

c. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any awards or judgments entered against Defendant, as may be necessary;

d. For such other, further and different relief, including attorney's fees, interest, cost and disbursements, as this Court may deem just and proper, and/or a default with respect

to any property seized in the event a timely response is not filed.

HOLLSTEIN KEATING
CATTELL JOHNSON & GOLDSTEIN P.C.

By: /s/ Josette F. Spivak
    Josette F. Spivak, Bar No. 4979
    1201 North Orange St., Suite 730
    Wilmington, Delaware 19801
    (302) 884-6700
    Attorney for North China Shipping Limited

## VERIFICATION BY WAY OF UNSWORN DECLARAITON

I am a member of the law firm of Cardillo & Corbett counsel for the Plaintiff, in this matter. I make this certification pursuant to and in compliance with Supplemental Rule B. Plaintiff is a business entity and there are no authorized officers of the Plaintiff readily available to make this verification; I am authorized to make this verification on behalf of Plaintiff; the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, except as to matters therein stated upon information and belief, and as to these matters, I believe them to be true; the sources of my information and the grounds of my belief are documents in the possession of my firm and reports made to me by officers, employees, representatives and agents of Plaintiff.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: June 16, 2010

Tulio R. Prieto